IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELLIOT GIRAUD PADRÓ, et al<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, et al<br><br>Defendants. | CIVIL NO.10-2041(JAG)<br><br><br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## MOTION FOR PARTIAL RECONSIDERATION OF OPINION AND ORDER
### (DOCKET NO. 233)

**TO THE HONORABLE COURT**:

**COME NOW** Co-defendants Alberto De La Cruz ("De La Cruz"), the Conjugal Legal Partnership with his spouse, and Puerto Rico Coffee Roasters, LLC ("PRCR") (collectively referred to as "Appearing Defendants" or "De La Cruz Defendants"), through the undersigned counsel, and respectfully alleges and prays as follows:

### I.   Introduction

On September 28, 2012, this Honorable Court dismissed the claims against the Federal Deposit Insurance Corporation ("FDIC"). See Docket No. 231.  Afterwards, the Court issued an Opinion and Order concluding that it enjoys supplemental jurisdiction over the state law claims Plaintiffs and Pan American Grain, Inc. ("PAG") asserted against Appearing Defendants in the captioned case. See Docket No. 233.  The Court, however, declined to exercise supplemental jurisdiction over this action and thus dismissed it without prejudice.  Before doing so, this Court carefully analyzed the claims against Appearing Defendants and, after discussing and detailing

their basis for dismissal with prejudice, it concluded that if it were to exercise jurisdiction over the instant action, almost every claim would need to be dismissed as time-barred or for failing to state a plausible claim against Appearing Defendants. See id., at pp. 11-27.

The De La Cruz Defendants hereby request that this Court reconsider its decision not to exercise jurisdiction over the claims against Appearing Defendants that the Court already analyzed and concluded should be dismissed as time-barred or for failing to state a plausible claim. Given that these claims were dismissed without prejudice, both Plaintiffs and PAG could try to re-file them in state court. This would constitute an injustice as it would be Plaintiffs' and PAG's third attempt to file their claims against Appearing Defendants even though it is beyond cavil that they are without merit. As explained below, while this action was pending both Plaintiffs and PAG filed identical complaints against Appearing Defendants in parallel proceedings on the basis of the same facts and claims as in the captioned case. In fact, currently PAG has an identical claim against Appearing Defendants pending before the U.S. District Court for the District of Puerto Rico in Civil No. 12-1154 (CCC). Allowing that parallel case to continue, and having PAG and Plaintiffs attempt to re-file their time-barred and meritless claims for a third time, would impose an undue burden upon Appearing Defendants, who will be forced to continue to waste considerable resources in defending once more against these claims. Also, this would consume the scarce judicial resources of this Honorable Court as well as those of the Puerto Rico courts. Thus, in the interest of judicial economy, convenience, and fairness to the parties, it is requested that an order be entered dismissing with prejudice the claims against Appearing Defendants that the Court already concluded should be dismissed as time-barred or for failing to state a plausible claim. That way, it will be clear to Plaintiffs and PAG that their claims have no place in court and that they are precluded from re-filing them, and Appearing

Defendants would be able to finally stop litigating and wasting resources defending against these same claims.

## II. Supplemental Jurisdiction

District courts have discretion to exercise supplemental jurisdiction over state law claims. See 28 U.S.C. § 1367(a)(c); Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). In deciding whether to exercise supplemental jurisdiction, district courts should consider whether an exercise of jurisdiction is justified by the interests of judicial economy, convenience, fairness to litigants, and comity. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Where all federal claims have been dismissed before trial, these factors generally "point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n. 7 (1988). This principle, however, is not "a mandatory rule to be applied inflexibly in all cases." Cohill, 484 U.S. at 350 n. 7.

While the dismissal of all federal claims "provides 'a powerful reason to choose not to continue to exercise jurisdiction,' no single factor is dispositive in this analysis." Batiste v. Island Records Inc., 179 F.3d 217, 227 (5th Cir. 1999) (internal quotation marks omitted). **District courts must decide whether to exercise supplemental jurisdiction in light of the specific circumstances of each case and in the way that will best accommodate the values of economy, convenience, fairness**, and comity. See Cohill, 484 U.S. at 350-51. Indeed, district courts can and have exercised supplemental jurisdiction in cases were federal claims were dismissed before trial. See, e.g., Ackerman v. National Property Analysts, Inc., 1992 WL 240605 at *13 (S.D.N.Y. 1992) (retaining state claims after 12(b)(6) dismissal of federal claims); Philan Ins. Ltd. v. Frank B. Hall & Co., Inc., 786 F.Supp. 345, 347 (S.D.N.Y. 1992) (supplemental jurisdiction appropriate even when federal claims dismissed before trial); Philatelic Foundation

v. Kaplan, 647 F.Supp. 1344, 1348 (S.D.N.Y. 1986) (exercising pendent jurisdiction after granting motion to dismiss last federal claim before trial).  Likewise, district courts have abused their discretion in dismissing without prejudice state law claims before trial. See Batiste, 179 F.3d at 228 (where the district court abused its discretion in dismissing without prejudice state law claims that were time-barred which the court was intimately familiar with.  In the interest of judicial economy, the Court of Appeal remanded case with instructions to enter judgment disposing of all prescribed claims).

### III.  Case background

On October 25, 2010, Plaintiffs filed this case against the De La Cruz Defendants, Coca Cola Puerto Rico Bottlers, the FDIC, and several former officers of Westernbank Puerto Rico ("WBPR").  See Docket No. 1.  Subsequently, Plaintiffs dismissed without prejudice their claims against Coca Cola Puerto Rico Bottlers and filed an Amended Complaint and then, a Second Amended Complaint that included several claims sounding in tort and contract law against the De La Cruz Defendants. See Docket Nos. 7, 22, and 39.  Plaintiffs alleged that the De La Cruz Defendants had engaged in: tortious interference by, along with the WBPR Defendants, interfering with Plaintiffs' alleged contract with PAG; culpa in contrahendo by lowering the amount of the purchase offer; and otherwise causing the Giraud-Piñero couple anguishes.  See Docket No. 39, Ninth, Tenth, and Eleventh Causes of Action.  Plaintiffs also requested that the Asset Purchase Agreement by which PRCR acquired the assets of the Yaucono Coffee Business be declared null and void because the WBPR Defendants, not the De La Cruz Defendants, allegedly coerced Plaintiffs to enter into such an agreement by threatening Plaintiffs with the exercise of WBPR's legitimate rights. See id., Ninth Cause of Action.  Finally, Plaintiffs also included claims against the De La Cruz Defendants for allegedly retaining $2.2 million without

cause or credit given to Plaintiffs in the transaction, and for maintaining unauthorized and unlawful possession of goods that were not part of the agreement.  See id., Eighth and Thirteenth Causes of Action.

On October 25, 2011, one year after Giraud first filed the captioned case, PAG filed an "Intervening Complaint" asserting a tort claim against, among others, the De La Cruz Defendants for the alleged 2008 interference with the purported PAG-Giraud agreement for PAG to buy part of the Yaucono Coffee Business.  See Docket No. 153-1; see also Docket No. 183 (granting leave to intervene).  The De La Cruz Defendants moved to dismiss all claims asserted against them by Plaintiffs because: (a) the tort based claims were clearly time-barred and, alternatively, failed as a matter of law; and (b) Plaintiffs failed to state claims for which relief could be granted with regards to the purported contract nullity and return of property claims.  See Docket No. 69; see also Docket Nos. 102, 135, 138, 184-1, 193 and 202 (briefing). The De La Cruz Defendants also moved to dismiss PAG's claims as time-barred and because, in any event, PAG failed to plead facts sufficient to make out a plausible claim.  See Docket No. 196; see also Docket Nos. 221, 223 (briefing).

On September 28, 2012, the Court issued its Opinion and Order at Docket No. 233. Although it declined to exercise jurisdiction over Plaintiffs' and PAG's state law claims, the Court stated that after considering them, "it believes that granting the motions to dismiss would have been proper." Docket No. 233, at p. 11.  Indeed, in its 28-page Opinion and Order the Court discussed in detail the basis for dismissing the tortious interference, *culpa in contrahendo,* mental anguishes, and contract nullity claims asserted by Plaintiffs and PAG against Appearing Defendants. See id., at pp. 11-27.

The Court concluded that Plaintiffs' tort based claims, which are subject to a one-year statute of limitations, are "clearly time-barred" and that Plaintiffs failed to state claims for which relief could be granted with regards to the purported contract nullity claim. See id., at pp. 13-15. As this Court explained, on June 3, 2008, Plaintiffs had both notice of the injury and the identity of the tortfeasor. "However, Plaintiffs did not file their lawsuit until October 25, 2010. Plaintiffs sent an extrajudicial claim letter on June 29, 2008. Thus, the statute of limitations had run by the time Plaintiffs sent their extrajudicial claim letter." Id., p. 13.  "As a result, Plaintiffs claims against De La Cruz are clearly time-barred." Id.  Furthermore, after considering Plaintiffs' proposal of a continuous tort and their attempts to toll the statute of limitations, the Court discarded these arguments as "disingenuous", "unconvincing" and devoid of supporting caselaw. See id., at pp. 13-14.  Accordingly, if it had exercised jurisdiction over these state law claims, the Court would have dismissed them with prejudice.

The Court would also dismiss with prejudice Plaintiffs' request that the Asset Purchase Agreement by which PRCR acquired the assets of the Yaucono Coffee Business be declared null because they were allegedly subjected to intimidation under threat of economic harm.  The Court analyzed these claims in light of the legal standard for intimidation.  See id., pp. 14-15. Afterwards, it concluded that "Plaintiffs have failed to make a sufficient showing of intimidation or shadings of illegality that would allow the Court to conclude that intimidation was present". Id., p. 15.  Thus, if it exercised jurisdiction over them, the Court would dismiss, with prejudice, Plaintiffs' contract nullity claims.

PAG's claim would suffer the exact fate should the Court retain jurisdiction over the Intervening Complaint.  Indeed, the Court concluded that "it is indisputable that PAG's intervening complaint was untimely filed and time-barred." Id., p. 20.  The Court noted that per

PAG's own allegations, it had knowledge of its injury by May 8, 2008, when it decided not to pursue the Plaintiffs/PAG Partnership Contract, because of the involvement of De la Cruz. Id. "Given that withdrawal was PAG's own decision, it is patent that at that moment PAG was aware of both the injury and identity of the tortfeasor, which, for purposes of Puerto Rico's statute of limitation for tort actions, triggers the one-year period to file a claim." Id. Because significantly more than a year elapsed from May 8, 2008 until PAG filed its Intervening Complaint on October 25, 2011, it is clear that PAG's claim against the De La Cruz Defendants is time barred. Id. As a result, "the Court understands that PAG's claims would have been dismissed had the Court retained jurisdiction." Id., p. 21.

## IV. Discussion

The circumstances of this case show that the factors of judicial economy, convenience, and fairness to the parties strongly point toward retaining jurisdiction and dismissing with prejudice the frivolous claims against Appearing Defendants. By dismissing without prejudice PAG's clearly meritless claims this Honorable Court is allowing PAG to re-file its frivolous claims in state court. Plaintiffs could attempt to do the same. This would constitute an injustice and will have a harassing effect on Appearing Defendants as it would be Plaintiffs' and PAG's third attempt to file their meritless claims against Appearing Defendants.

While this action was pending, both Plaintiffs and PAG filed identical complaints against Appearing Defendants in parallel proceedings on the basis of the same facts and claims as in the captioned case, even though it is beyond cavil that they are without merit. First, on March 15, 2011, approximately six months after filing the captioned case, Plaintiffs filed a Counterclaim against Appearing Defendants in proceedings before the Puerto Rico Superior Court in Civil No. KAC2010-1288. In it, among other things, Plaintiffs reproduced the claims asserted in the

captioned case against Appearing Defendants. Given that the captioned case was underway, at the insistence of the Puerto Rico Superior Court, Plaintiffs voluntarily dismissed without prejudice this portion of the Counterclaim. If Plaintiffs try to re-file their meritless claims against Appearing Defendants for a third time it would certainly burden Appearing Defendants, who after two years of vigorously litigating against these frivolous claims in two different proceedings would be forced to continue to spend considerable amounts of time and money in defending against them. That is why it is important that this Court send Plaintiffs a clear message that the case is over and thus their time-barred and meritless claims are not to be re-filed.

Likewise, on October 25, 2011, the same day it filed its Intervening Complaint, PAG filed an identical complaint in state court against the same named defendants as in the captioned case. That action was removed to the U.S. District Court for the District of Puerto Rico and is currently pending before the Hon. Judge Carmen C. Cerezo in Civil No. 12-1154 (CCC). A motion to dismiss for the same reasons asserted as to PAG's Intervening Complaint is already filed and pending in that parallel case. See Docket No. 8 in Civil No. 12-1154 (CCC). Thus, PAG and Appearing Defendants have litigated PAG's time-barred claim in two parallel cases for a year. This obviously has caused Appearing Defendants to needlessly waste considerable time and money in defending against a frivolous claim that should have never been filed in the first place. If this Court were to reconsider its dismissal without prejudice of PAG's Intervening Complaint so as to make the dismissal with prejudice, preclusive effect would attach and the De La Cruz Defendants would be able to stop litigating and wasting resources in this obviously time-barred claim.

Since Plaintiffs filed the instant action, Appearing Defendants have spent considerable time and resources in vigorously defending against Plaintiffs' and PAG's frivolous and harassing

claims. Likewise, the case has consumed considerable judicial resources. Indeed, the case has produced more than 230 docket entries, the Court has issued over 70 orders on around 150 motions and has devoted significant consideration to the multiple motions to dismiss and responses thereto filed by the parties. See Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587 (5th Cir.1992) ("[T]he amount of judicial resources that the case has consumed is most important for [the] analysis as an indication of the familiarity of the forum with the case and its ability to resolve the dispute efficiently."). All of this effort and use of recourses (from the Court and the parties) would have been to no avail if Plaintiffs and PAG try to re-file their meritless claims once more.

As evidenced by its 28-page Opinion and Order at Docket 233, this Court is well familiarized with the instant case and has the ability to efficiently resolve the time-barred and failed claims brought by Plaintiffs and PAG against Appearing Defendants. This Court is fully informed on the alleged facts, and the state law issues, which have been fully briefed by the parties and carefully analyzed by the Court. Indeed, the familiarity of this Court with the merits, or lack thereof, of Plaintiffs' and PAG's time-barred and meritless claims demonstrates that dismissing them with prejudice would prevent redundancy and conserve scarce judicial resources. See Batiste, 179 F.3d at 228 (where the district court abused its discretion in dismissing without prejudice state law claims that were time-barred which the court was intimately familiar with.). Moreover, given this Court's substantial experience and familiarity with Puerto Rico law, it is as capable as a Puerto Rico court in adjudicating Plaintiffs' and PAG's frivolous state claims, and is as convenient a forum for the parties. See id. (where the Court of Appeals decision that the district court abused its discretion was premised on its

conclusion that the district court was intimately familiar with the plaintiff's claims and the absence of any difficult state-law issue in the remaining claims).

As mentioned above, in light of the Opinion and Order at Docket No. 233, Plaintiffs and PAG could try to re-file their frivolous claims.  This would constitute an injustice to Appearing Defendants in light of this Court's unambiguous conclusion that these claims are without merit and should be dismissed as such.  Additionally, this would impinge on the values of economy, convenience and fairness. "Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law." Cohill, 484 U.S. at 353.  The Court's decision not to exercise supplemental jurisdiction over the claims it already concluded are time-barred and devoid of merit, however, could impinge upon the prompt and efficient resolution of Plaintiffs' and PAG's frivolous claims.

After two years of litigation in three different proceedings, the re-filing of Plaintiffs' and PAG's failed claims will involve a waste of time and money from Appearing Defendants and the Puerto Rico courts.  The Puerto Rico courts will have to reprocess the case, and this procedure will involve similar costs.  Dismissal without prejudice of the case therefore could increase both the expense and the time involved in enforcing state law.  Likewise, it would burden this Court given that, as mentioned, PAG has an identical claim against Appearing Defendants pending before this district court in Civil No. 12-1154 (CCC).

In sum,  Plaintiffs and PAG have clearly taken advantage of, and manipulated, the court systems in their relentless pursuit of their meritless claims against Appearing Defendants.  If PAG and Plaintiffs were to continue to pursue these frivolous claims, it would cause a continuous waste scarce judicial resources and constitute an unjust harassment upon Appearing Defendants, who would enter into third year of spending substantial resources in defending

against Plaintiffs' and PAG's claims. In its Opinion and Order at Docket No. 233, this Honorable Court already detailed the basis for disposing of Plaintiffs' and PAG's time-barred and meritless claims. In the interest of judicial economy, convenience and fairness to Appearing Defendants, we urge this Court to send a clear message to Plaintiffs and PAG that they cannot have a third attempt at filing their claims against Appearing Defendants. Thus, it is requested that supplemental jurisdiction be exercised over the state-law claims against Appearing Defendants that the Court already analyzed and concluded should be dismissed as time-barred or for failing to state a plausible claim, and that an order be entered dismissing these claims with prejudice.

**WHEREFORE,** the De La Cruz Defendants respectfully request that this Honorable Court: (1) reconsider the Opinion and Order at Docket No. 233; (2) exercise jurisdiction over the state-law claims against Appearing Defendants, with the exception of Plaintiffs' return of properties claim; and (3) that an order be entered dismissing these claims, with prejudice, as time-barred or for failing to state a plausible claim against Appearing Defendants.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on this 26th day of October, 2012.

It is hereby certified that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico, 00918
Tel: (787) 274-1212
Fax: (787) 274-1470

-12-

                        <u>s/Néstor M. Méndez Gómez</u>
                        Néstor M. Méndez Gómez
                        USDC-PR Bar No. 118409
                        nmendez@pmalaw.com

                        <u>s/María Dolores Trelles Hernández</u>
                        María Dolores Trelles Hernández
                        USDC No. 225106
                        mtrelles@pmalaw.com

                        <u>s/Diego Murgia Díaz</u>
                        Diego Murgia Díaz
                        USDC No. 225704
                        dmurgia@pmalaw.com